UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-against-<br><br>HASHIM CAMPBELL,<br><br>    Defendant. | **MEMORANDUM AND ORDER**<br><br>Case No. 21-CR-478 (FB) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-against-<br><br>CHARLENE WINT,<br><br>    Defendant. | Case No. 21-CR-479 (FB) |

*For the Plaintiff*:
BREON PEACE
United States Attorney
CHAND W. EDWARDS-BALFOUR
271 Cadman Plaza East
Brooklyn, NY 11201

*For Defendant Campbell*:
STACEY RICHMAN
Richman Hill & Associates PLLC
2027 Williamsbridge Road,
Bronx NY 10461

*For Defendant Wint*:
LONNIE HART JR.
Law Offices of Lonnie Hart Jr. P.C.
32 Court Street, Suite 602
Brooklyn, NY 11201.

**BLOCK, Senior District Judge:**

  Co-conspirators Hashim Campbell ("Campbell") and Charlene Wint ("Wint") were sentenced separately on November 17, 2022, in the above-captioned cases after pleading guilty to charges stemming from their involvement in a scheme to obtain millions of dollars of Paycheck Protection Program loans. Both

1

pleaded guilty to participating in a conspiracy to commit bank and wire fraud, as well as violating 18 U.S.C. § 1349. During sentencing, the Court reserved judgment on restitution.

Campbell and Wint participated in a scheme to defraud the Paycheck Protection Program ("PPP"), a program designed to offer favorable loans to small businesses to enable job retention during the early part of the COVID-19 pandemic. Campbell personally contributed to obtaining over $1 million in fraudulent loans through two tax preparation businesses he owned. Wint was employed at a retail branch of a national bank in New York, New York. Together with others, Campbell and Wint recruited customers of Wint's bank, along with family and friends, and assisted them in filing fraudulent PPP applications, taking commissions from the proceeds. Campbell prepared false tax documents which were attached to the fraudulent applications; his work included fabricating tax returns and inflating figures on tax documents to enable applicants to qualify for larger PPP loans. Wint submitted completed false tax documents to her supervisor and co-conspirator, the branch manager of her bank. Wint then coordinated with applicants in withdrawing and collecting the disbursed funds using personal and cashier's checks. Campbell accepted $100,000 in commission from the fraudulently obtained loans. Wint accepted "thousands," demanding $5,000 in commission from each of the participants she assisted. Gov. Ltr. Br. at 4.

The Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, required restitution in sentencing proceedings where the offense (a) was committed via fraud or deceit and (b) an identifiable victim suffered injury or pecuniary loss. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii), (c)(1)(B). Restitution under this scheme is the "amount of loss caused by the specific conduct" that is the basis for the conviction. *United States v. Gushlak*, 728 F.3d 184, 195 n.7 (2d Cir. 2013). The Government must establish the loss amount, and disputed restitution "shall be resolved by the court by the preponderance of the evidence." *United States v. Bahel*, 662 F.3d 610, 647 (2d Cir.2011) (quoting 18 U.S.C. § 3664(e)). The adjudicating district court must "only make a reasonable estimate of the loss, given the available information." *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000) (internal quotation omitted). Co-conspirators may be held joint and severally liable for restitution at a district court's discretion. *See United States v. Nucci*, 364 F.3d 419, 422-23 (2d Cir. 2004) (citing 18 U.S.C.A. § 3664(h)). Each defendant is "liable for the reasonably foreseeable acts of all co-conspirators." *United States v. Boyd*, 222 F.3d 47, 50–51 (2d Cir. 2000).

The Government requests that Campbell and Wint be held joint and severally liable with other participants in the fraud scheme for $3,500,000 plus interest. Campbell suggests he be individually responsible for a sum equivalent to $100,000 or higher, while Wint claims no restitution is warranted.

3

As a part of his plea agreement, Campbell agreed that he was individually accountable for a loss amount of $1,200,000 in fraudulently obtained loans. PSR ¶ 18. The Government argues that he was directly responsible for a total of $1,706,426.02 in losses through his two tax companies. The total loss amount caused by the scheme is $3.5 million according to the PSR, which was not objected to. PSR ¶ 22. Both Campbell and Wint question the extent to which the victim bank truly lost the amount disbursed in loans because it may also have been repaid by the federal government.

The Government has failed to demonstrate by a preponderance of the evidence that the victim bank lost $3,500,000 in connection with the scheme Campbell and Wint participated in, or that it would be reasonable to hold them jointly and severally liable for this sum. Accordingly, the Court declines to hold Campbell and Wint joint and severally liable here. The Court imposes $300,000 in restitution on Campbell—the amount he accepted in connection with his fraudulent activity and additional funds to account for the fact that he helped put in motion a scheme causing a much larger loss. It is unclear how many applicants Wint assisted or how much she received for her work; the Government characterizes her income from the scheme only as "thousands" of dollars. Given this uncertainty, and because Wint served only as a low-level clerk in in the overall fraud scheme, the Court imposes $100,000 in restitution on Wint. Restitution is due immediately

but payable at the rate of 10% of the defendant's gross monthly income, earned and/or unearned from all sources, in monthly payments.

**SO ORDERED.**

       /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

March 10, 2023
Brooklyn, New York